DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **ALTAGRACIA CASTILLO,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )  Civil Action No. 2012-017 |
| | ) |
| **KMART CORPORATION,** | ) |
| | ) |
| **Defendant.** | ) |

**Attorneys:**
**Lee J. Rohn, Esq.,**
**Trudy Fenster, Esq.,**
St. Croix, U.S.V.I.
  *For the Plaintiff*

**Carl R. Williams, Esq.,**
**Richard P. Farrelly, Esq.,**
St. Thomas, U.S.V.I.
  *For the Defendant*

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant's "Motion in Limine to Exclude Testimony of Sheldon Williams, M.D. and Anna Boguslawska, P.T." (Dkt. No. 93); Plaintiff's Opposition (Dkt. No. 97); and Defendant's Reply (Dkt. No. 103).

By its Motion, Defendant requests that the Court exclude two of Plaintiff's listed experts—Dr. Sheldon Williams and physical therapist Anna Boguslawska—from testifying because Plaintiff has failed to provide Defendant with summaries of the facts and opinions to which Dr. Williams and Ms. Boguslawska are expected to testify, as required by Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure. (Dkt. No. 93 at 1). As a result of Plaintiff's failure to provide these summaries, Defendant contends that it "would be extremely prejudiced

by the unknown, undisclosed testimony of these two (2) witnesses at trial." (*Id.*). In its Opposition, Plaintiff argues that the testimony of the treating healthcare providers falls outside of the expert disclosure requirements of Rule 26. (Dkt. No. 97 at 1–2). Alternatively, Plaintiff contends that its production of Dr. Williams and Ms. Boguslawska's medical records and notes satisfies the disclosure requirements of Rule 26(a)(2)(C). (*Id.* at 6).

Treating physicians or other health care professionals generally may testify as fact witnesses without providing an expert report when "testifying 'based on their examination, diagnosis and treatment of a patient.'" *Pease v. Lycoming Engines*, 2012 U.S. Dist. LEXIS 6354, at *41–42 (M.D. Pa. Jan. 19, 2012) (quoting *Mracek v. Bryn Mawr Hosp.*, 610 F. Supp. 2d 401, 406 (E.D. Pa. 2009)). However, "[p]arties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C)." Fed. R. Civ. P. 26 advisory notes (2010). The disclosure required under Rule 26(a)(2)(C) "must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).[1]

Here, Plaintiff identified Dr. Williams and Ms. Boguslawska as witnesses, as required under Rule 26(a)(2)(A), but failed to provide the subject matter of their testimony and a summary of the facts and opinions to which they are expected to testify, as required under Rule 26(a)(2)(C). Contrary to Plaintiff's assertion, producing Dr. Williams's and Ms. Boguslawska's

---

[1] Plaintiff relies on pre-2010 case law to support her contention that such disclosure is not required for treating healthcare providers. (Dkt. No. 97 at 4) (citing *Donlin v. Philips Lighting N. Am. Corp.*, 581 F.3d 73, 81–82 (3d Cir. 2009); *Sutherland v. Hyannis Air Servs.*, 2008 U.S. Dist. LEXIS 103440 (D.V.I. Dec. 23, 2008)). However, Rule 26 was amended in 2010 to require such disclosure. *See Daniels v. District of Columbia*, 2014 U.S. Dist. LEXIS 16296, at *17–18 (D.D.C. Feb. 11, 2014).

records and notes is not sufficient to satisfy Rule 26(a)(2)(C)'s requirement. While the advisory notes provide that the Rule 26(a)(2)(C) disclosure is "considerably less extensive than the report required by Rule 26(a)(2)(B)" for expert testimony, the rule explicitly requires a summary—not simply the production of relevant records and notes. Accordingly, the Court will require Plaintiff to provide summaries for Dr. Williams's and Ms. Boguslawska's respective testimony.

Plaintiff produced the relevant records in July of 2012 (Dkt. No. 97-1) and Defendant's expert, Dr. Orlando Fernandez, noted in his report (Dkt. No. 67-1) and addendum report (Dkt. No. 67-2) that he reviewed the records. Upon consideration of the "*Pennypack* factors," articulated by the Third Circuit in connection with a party's request for the "extreme sanction" of excluding evidence, *Myers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904–05 (3d Cir. 1977)—including any prejudice and surprise to Defendant, Defendant's ability to cure, the extent allowing the evidence would disrupt the proceedings, and any bad faith on Plaintiff's part—the Court will not exclude Dr. Williams or Ms. Boguslawska from testifying. Defendant has not suffered significant prejudice or surprise because it has had the records (which are not particularly voluminous) for over a year and a half; Defendant is able to cure, based on its longstanding possession of the records and its expert's review of those records; the proceedings will not be disrupted; and there is no indication of bad faith on Plaintiff's part.

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that Defendant's Motion in Limine (Dkt. No. 93) is **DENIED**; and it is further

**ORDERED** that pursuant to Federal Rule of Civil Procedure 26(a)(2)(C) Plaintiff shall provide Defendant with the subject matter on which Dr. Williams and Ms. Boguslawska are each

expected to present evidence and a summary of the facts and opinions to which each is expected to testify on or before **February 19, 2014**.

    **SO ORDERED.**

Date:  February 14, 2014                          _____/s/_____
                                                                              WILMA A. LEWIS
                                                                              Chief Judge