DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| ALTAGRACIA CASTILLO, )<br>)<br>)<br>   Plaintiff, )<br>)<br>   v. )<br>)<br>KMART CORPORATION, )<br>)<br>)<br>   Defendant. )<br>_____) | Civil Action No. 2012-017 |

**Attorneys:**
**Lee J. Rohn, Esq.,**
**Trudy Fenster, Esq.,**
St. Croix, U.S.V.I.
   *For the Plaintiff*

**Carl R. Williams, Esq.,**
**Richard P. Farrelly, Esq.,**
St. Thomas, U.S.V.I.
   *For the Defendant*

### ORDER

THIS MATTER is before the Court on Plaintiff's "Motion to Strike Expert Report of Dr. Orlando Fernandez Filed March 13, 2013" (Dkt. No. 67); Defendant's "Opposition to Plaintiff's Motion to Strike Expert Report of Dr. Orlando Fernandez and Motion to Extend Deadline to Produce Medical Evaluation Addendum" (Dkt. No. 70); and Plaintiff's Reply to Defendant's Opposition and Motion (Dkt. No. 72).

By her Motion, Plaintiff seeks to strike an "addendum" report by Defendant's expert, Dr. Orlando Fernandez, dated December 21, 2012—four days after the extended expert disclosure deadline—and produced to Plaintiff on March 13, 2013, on the grounds that Defendant has failed to show "excusable neglect" for the untimely submission as required under Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure. (Dkt. No. 67 at 2–3). In its Opposition and Motion,

Defendant explains that its counsel became aware, and received a copy, of the addendum from Dr. Fernandez on the evening before it was produced to Plaintiff, because—as explained by Dr. Fernandez during his deposition—Dr. Fernandez's office had failed to send the addendum to counsel. (Dkt. No. 70 at 1–3). Defendant maintains that, notwithstanding the untimely submission, the addendum was produced during the deposition of Plaintiff's expert and six days prior to the deposition of Dr. Fernandez, thus affording Plaintiff the opportunity to examine both her own expert and Dr. Fernandez concerning the contents of the addendum. (*Id.* at 2).

After "tak[ing] account of all relevant circumstances," *In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 125 (3d Cir. 1999), in the context of the "excusable neglect" factors articulated by the Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993)—including the absence of any identified prejudice to Plaintiff or impact on the judicial proceedings, and the length and reason for the delay—the Court will accept the filing of Dr. Fernandez's addendum report and will not preclude him from testifying regarding the contents thereof based on the date of its submission.

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that Plaintiff's Motion to Strike (Dkt. No. 67) is **DENIED**; and it is further

**ORDERED** that Defendant's "Motion to Extend Deadline to Produce Medical Evaluation Addendum" (Dkt. No. 70) is **GRANTED**, *nunc pro tunc*, to the extent set forth above.

**SO ORDERED.**

Date:  February 14, 2014    _____/s/_____
                                                  WILMA A. LEWIS
                                                  Chief Judge